# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT of TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LUIS GERARDO SALAS VELAZQUEZ, § § | | |
| Petitioner § § | | |
| v. § § | Civil Action | |
| § | No. SA-08-CA-635-XR (NSN) | |
| MARC MOORE, Field Office Director § for Detention and Removal, U.S. § Immigration and Customs Enforcement, § Department of Homeland Security and § GARY GOMEZ, Warden, South Texas § Detention Complex, § Respondents § | | |

## U.S. MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

**To: The Honorable Xavier Rodriguez, U.S. District Judge**

Before the Court is Petitioner Luis Gerardo Salas Velazquez's 28 U.S.C. § 2241 Habeas Corpus Petition challenging his mandatory detention without a bond determination during removal proceedings. This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1). It addresses only the jurisdictional arguments presented to the Court through respondents' motion to dismiss.

### Statement of the Case

Petitioner is a national and citizen of Mexico who was admitted to the United States as a lawful permanent resident in 1990. On July 5, 2008, Petitioner was a passenger on a bus at the Juarez Lincoln Bridge in Laredo and sought to enter the United States from Mexico. A Notice to Appear was issued alleging Petitioner was an arriving alien who was convicted of "aggravated assault — non family — weapon/felony" in Nebraska in 1995, and was thus subject to removal under Immigration and Nationality Act (INA) § 212(a)(2)(A)(i)(I) (alien convicted of crime of moral turpitude). Petitioner requested a bond hearing. The Immigration Judge denied Petitioner's request

for bond because Petitioner was being charged as an arriving alien and, therefore, the Immigration Judge lacked jurisdiction to issue a bond.

Petitioner complains he should not be classified as an arriving alien subject to mandatory detention. Petitioner asserts his constitutional rights are being violated, and he seeks an order compelling an individualized custody re-determination hearing before an immigration judge.

Petitioner is charged as an arriving alien under INA § 101(a)(13)(C)(v) (8 U.S.C. § 1101(a)(13)(C)(v)) for having a conviction for an offense identified under INA § 212(a)(2) (8 U.S.C. § 1182(a)(2)). As an arriving alien, Petitioner is being mandatorily detained under 8 U.S.C. § 1225(b)(2) pending removal proceedings.

Prior to the April 1, 1997, effective date of Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), 110 Stat. 3009 (1996), former 8 U.S.C. § 1101(a)(13) provided:

> The term "entry" means any coming of an alien into the United States, from a foreign port or place or from an outlying possession, whether voluntarily or otherwise, except that an alien having a lawful permanent residence in the United States shall not be regarded as making an entry into the United States for the purposes of the immigration laws if the alien proves to the satisfaction of the Attorney General that his departure to a foreign port or place or to an outlying possession was not intended or reasonably to be expected by him . . ..

Under that statute, the Supreme Court held that, with some exceptions, a lawful permanent resident does not make an "entry" when returning from "an innocent, casual, and brief excursion" from outside the United States. *Rosenberg v. Fleuti*, 374 U.S. 449 (1963).

Now, however, § 1101(a)(13)(C)(v) provides, "An alien lawfully admitted for permanent residence in the United States shall not be regarded as seeking an admission into the United States for purposes of the immigration laws unless the alien — has committed an offense identified in section 1182(a)(2) of this title, unless since such offense the alien has been granted relief under section 1182(h) or 1229b(a) of this title." Section 1182(a)(2)(A)(i)(I) provides, "[A]ny alien

- 2 -

convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of — a crime involving moral turpitude . . . is inadmissible." Section 1225(b)(2)(A) provides, "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."

The IIRIRA has superseded *Fleuti*, so there is no longer an inquiry into the intent of a lawful permanent resident's trip abroad. *Malagon De Fuentes v. Gonzales*, 462 F.3d 498, 501-02 (5th Cir. 2006). Petitioner argues that the application of the current version of 8 U.S.C. § 1101(a)(13) to a lawful permanent resident alien such as him, with a conviction prior to the effective date of that provision, is impermissibly retroactive, relying on *Olatunji v. Ashcroft*, 387 F.3d 383 (4th Cir. 2004). Instead, Petitioner contends his case should be controlled by *Fleuti*. Since he is not an arriving alien, Petitioner's argument goes, he is not subject to mandatory detention.

Petitioner seeks habeas relief under 28 U.S.C. §2241. That statute provides that the Court may grant habeas relief for persons in custody in violation of the constitution or laws of United States. Petitioner claims that his right to substantive and procedural due process guaranteed by the Fifth Amendment of the United States Constitution has been violated by respondent's classification of petitioner as an arriving alien and his detention without an individualized determination of his qualification for bond pending the completion of the removal proceedings.

**Motion to Dismiss**

In their motion to dismiss respondents argue that this Court lacks jurisdiction under 8 U.S.C. §§ 1252(b)(9) and 1252(g). However, those provisions only apply when there is a final order of removal. *Kambo v. Poppell*, 2007 WL 3051601 (W.D. Tex. October 18, 2007) (citing *Nnadika v. Attorney General*, 484 F.3d 626 (3d Cir. 2007); *Madu v. U.S. Attorney General*, 470 F.3d 1362 (11th Cir. 2006); *Nadarajah v. Gonzales*, 443 F.3d 1069 (9th Cir. 2006); *Hernandez v. Gonzales*, 424 F.3d

42 (1st Cir. 2005)). This case does not concern review of a final order of removal, so § 1252(b)(9) and § 1252(g) do not deprive this Court of habeas jurisdiction.

Respondents further contend Petitioner's claim is unexhausted because an immigration judge has jurisdiction to determine whether Petitioner is properly classified as an arriving alien. In many cases in which a person is mandatorily detained, the detainee may request a *Joseph* hearing. *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999). At such a hearing, the detainee may "raise any nonfrivolous argument available to demonstrate that he was not properly included in a mandatory detention category." *Demore v. Kim*, 538 U.S. 510, 514 (2003). However, a detainee who is designated an arriving alien cannot have an immigration judge determine whether the detainee is properly included in that category. "[A]n immigration judge may not redetermine conditions of custody imposed by the Service with respect to [a]rriving aliens in removal proceedings...." 8 C.F.R. § 1003.19(h)(2)(i)(b). Although an immigration judge can determine whether a person is properly included within several categories, that of an arriving alien is not among them. 8 C.F.R. § 1003.19(h)(2)(ii). *See Garza-Garcia v. Moore*, 539 F. Supp. 2d 899, 902, 906-07 (S.D. Tex. 2007); *In re Saint Fleury*, 2008 WL 2783096 (BIA June 12, 2008). Because Petitioner cannot raise his claim before the immigration judge, it follows that he cannot exhaust his claim in that fashion. Consequently, it is recommended that this Court decline to dismiss Petitioner's claim as unexhausted.

### RECOMMENDATION:

For the reasons stated above, I recommend that this Court has jurisdiction to consider Velazquez's § 2241 Petition and that respondents' motion be denied insofar as it seeks dismissal on this basis.[1]

---

[1] On this date I have scheduled this case for evidentiary hearing on December 1, 2008 to allow petitioner an opportunity to establish "actual, subjective reliance" in order to determine

- 4 -

**Instructions for Service and Objections:**

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.

Pursuant to 28 U.S.C. § 636(b)(1) any party who desires to object to this Report and Recommendation must file with the Clerk of this Court and serve the Magistrate Judge and all parties with written objections to the findings and recommendation included above within ten (10) days after being served with a copy of this Report and Recommendation. *See United States v. Wilson*, 864 F. 2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections. *Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within ten (10) days after being served with a copy, shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Judge, except for plain error. See Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED on November 10, 2008.**

_____
**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**

---

whether IIRIRA may be retroactively applied so as to preclude consideration of bond pending removal proceedings.