# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT of TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LUIS GERARDO SALAS VELAZQUEZ,** § § | | |
| **Petitioner** § § | | |
| v. § § | | Civil Action |
| § § | | No. SA-08-CA-635-XR (NSN) |
| **MARC MOORE, Field Office Director** § | | |
| **for Detention and Removal, U.S.** § | | |
| **Immigration and Customs Enforcement,** § | | |
| **Department of Homeland Security and** § | | |
| **GARY GOMEZ, Warden, South Texas** § | | |
| **Detention Complex,** § § | | |
| **Respondents** § | | |

## ORDER SETTING HEARING

Before the Court is Petitioner Luis Gerardo Salas Velazquez's 28 U.S.C. § 2241 Habeas Corpus Petition challenging his mandatory detention without a bond determination during removal proceedings. I have recommended that the District Court deny the pending motion to dismiss insofar as it challenges the jurisdiction of this Court. Should the District Court adopt this recommendation, the Court must then consider petitioner's argument that respondent has impermissibly applied IIRIRA retroactively so as to detain him without a bond determination pending removal proceedings.

Petitioner argues that the Fourth Circuit decision in *Olatunji v. Ashcroft*[1] is controlling. Petitioner in that case had plead guilty to theft of government property in 1994. In 1998 he was detained returning to the U.S. after a nine-day trip overseas. The Fourth Circuit determined that because IIRIRA foreclosed petitioner's ability to travel abroad and subjected him to deportation upon his reentry into the U.S., it could not be retroactively applied to him. The Court granted habeas relief observing that IIRIRA indisputably attached new legal consequences to petitioner's decision to plead guilty.

---

[1] 387 F.3d 383 (4th Cir. 2004).

The Fifth Circuit in *Carranza-De Salinas v. Gonzales*[2] addressed the application of IIRIRA retroactively to an alien who had waited to apply for discretionary waiver of deportation under 8 U.S.C. § 1182(c) to amass additional evidence of rehabilitation and community ties after her drug conviction. The Fifth Circuit granted the petition for review and remanded the case to the Board of Immigration Appeals to allow petitioner the opportunity to make a showing of actual, subjective reliance on the continued availability of the pre-IIRIRA discretionary waiver provision.

Without deciding whether *Olatunji* necessarily dictates the outcome of this case, the interests of justice require that petitioner be given an opportunity to demonstrate actual, subjective reliance to support his argument that retroactive application of IIRIRA is impermissible here. Accordingly, this matter is set for hearing on **Monday, December 1, 2008 at 1:00 p.m.**, in Courtroom C, Fourth Floor, John H. Wood, Jr. United States Courthouse, 655 East Durango Blvd., San Antonio, Texas 78206, to allow petitioner to develop a record. The parties are directed to exchange witness and exhibit lists no later than 3 business days before the hearing.

It is so ORDERED.

**SIGNED** on November 10, 2008.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[2] 477 F.3d 200, 205-06 (5th Cir. 2007).